UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-352-KSF

CRAIG MANNING                                                  PLAINTIFF

v.                                  **OPINION & ORDER**

STATE FARM FIRE AND
CASUALTY COMPANY                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the plaintiff, Craig Manning, to remand this action to Fayette Circuit Court [DE #5]. The defendant, State Farm Fire and Casualty Company ("State Farm"), having filed its response, and the time for filing any reply having expired, this matter is now ripe for review. For the reasons set forth below, the motion to remand will be granted.

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Manning filed his complaint on September 9, 2010 in Fayette Circuit Court seeking to recover insurance benefits and compensatory and punitive damages for State Farm's alleged breach of contract and common law and statutory bad faith for denying his claim for water damage to his dwelling which allegedly occurred sometime between September 9, 2009 and October 12, 2009, allegations which State Farm denied. On October 6, 2010, State Farm removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c) [DE #1]. Manning then filed this motion to remand on December 2, 2010, stating that his total damages are less than the jurisdictional amount of this Court [DE #5]. In response [DE #6], State Farm argues that Manning's complaint sought recovery under his homeowner's policy, with policy limits well above the

jurisdictional amount of $75,000, as well as unspecified damages for State Farm's alleged bad faith. State Farm also notes that Manning's complaint seeks punitive damages. Nevertheless, State Farm is willing to consent to removal if Manning and his counsel will sign a stipulation of damages in which Manning specifically attests that he will not make a claim for damages in excess of $75,000 at any time upon remand to state court. On the same day that State Farm filed its response, Manning filed a Stipulation of Damages, whereby he agreed that he will not make a claim for damages in excess of $75,000 upon remand of this action to Fayette Circuit Court [DE #7].

## II. ANALYSIS

The defendant removing a case has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n.28 (1979); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Mitchell v. White Castle Systems, Inc.*, 1996 WL 279863 (6th Cir. 1996); *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354 (E.D. Mich. 1988). In addition, federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. *See e.g., Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Griffin v. Millar Elevator Service Co*, 1995 WL 871130 (6th Cir. 1995); *Kerr v. Holland America-Line Westours, Inc.*, 794 F.Supp.207 (E.D.Mich.1992). This Court has a responsibility to make an independent subject matter jurisdiction determination, rather than rely solely on a conclusory assertion of the defendant. *See McNutt*, 298 U.S. at 184; *Colorado Life Co. v. Steele*, 95 F.2d 535 (8th Cir. 1938).

The overarching principle mandating the strict construction of removal petitions is the fact that federal courts are courts of limited subject matter jurisdiction. As penned eloquently by this Court's former Chief Judge Swinford:

> It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely with its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the Judiciary Articles of the Constitution. This court has a responsibility to accept jurisdiction in all proper cases. It has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305 (E.D.Ky.1990) (quoting *Walsh v. American Airlines, Inc.*, 264 F.Supp.514, 515 (E.D.Ky.1967), *quoted in Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976).

With the above principles in mind, the Court finds that *Cole v. Great Atlantic & Pacific Tea Co*, 728 F.Supp.1305 (E.D.Ky.1990), is directly applicable and persuasive in deciding the plaintiff's motion. In *Cole*, the plaintiff brought a claim in Kentucky state court, claiming unspecified damages for "outrageous conduct, defamation, severe emotional and physical pain, and loss of enjoyment of life," as well as *punitive damages* and costs. *Id*. at 1306. After the defendant removed the case, the plaintiff moved to remand, stipulating that damages would not exceed the jurisdictional minimum, and that federal diversity jurisdiction therefore did not exist. *Id.* at 1307.

*Cole* granted the plaintiff's motion to remand, and rejected the defendant's argument that the plaintiff's stipulation was the type of post-removal claim limitation prohibited by *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).[1] The Court reasoned that due to the Kentucky

---

[1] *St. Paul's* holding was a result of the need for certainty to allow the defendant to make a prompt removal decision. Specifically, the case held that "events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition do not oust the district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 289-90.

In both *Cole* and the present case, the Kentucky law preventing plaintiff from specifying
(continued...)

3

rule prohibiting unliquidated damage allegations, the defendant's removal decision, although in good faith, could only have been based on speculation as to the amount requested. *Cole*, 728 F.Supp. at 1309. *Cole* further held that in a situation where the complaint fails to reveal that the plaintiff is seeking an amount sufficient to invoke federal jurisdiction, a defendant wishing to remove to federal court should make further inquiry into the actual amount of damages "or run the risk of remand when the plaintiff . . . provides that information." *Id.*[2]

Here, Manning has filed his Stipulation of Damages, agreeing not to recover or accept any total amounts of damages in excess of $75,000 in this case. As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the Stipulation of Damages is the first specific statement of Manning's alleged damages in this case. Manning's stipulation, just as in *Cole*, did not change the information upon which State Farm relied; instead, the stipulation provided, *ab initio*, the specific damage amounts claimed.

---

[1](...continued)
the amount of damages in the complaint, coupled with the type damages listed, combine to obviate the certainty otherwise present on the face of the complaint as to the damages claimed. Thus, the defendant in this case was faced with the bare statement of the claim and minimal jurisdictional allegations of the complaint upon which to base its removal decision. *Cf. Cole* 728 F.Supp. at 1307. However, this uncertainty does not excuse a defendant from meeting its burden of informing the Court of the jurisdictional grounds that justify removal. *McNutt*, 298 U.S. at 189.

[2] *Cole* involved a complaint seeking punitive damages and its applicability here is even more apparent in light of the fact that Fenger did not seek punitive damages in her complaint. *See Rotschi v. State Farm Mutual Automobile Ins. Co.*, 1997 WL 259352 at *5-6 (Daughtrey, J., dissenting) (praising *Cole* as the proper analysis for when the complaint fails to reveal damages meeting the jurisdictional requirement). The *Rotschi* majority implicitly found *Cole* inapplicable because the plaintiff's complaint revealed severe injuries to husband and wife, setting forth an amount of damages not to exceed $200,000. In contrast, Fenger's complaint on its face does not reveal allegations of damages sufficient to meet the jurisdictional requirement of this Court.

For diversity jurisdiction, 28 U.S.C. § 1332 requires that the "matter in controversy exceed . . . the sum or value of $75,000, exclusive of interest and costs." Manning has stipulated damages below the $75,000 minimum required for federal diversity jurisdiction, and consequently, this Court is without subject matter jurisdiction to hear the plaintiff's claim.

Sixth Circuit cases subsequent to *Cole* have partially modified the Court's task when analyzing whether the cause of action removed presents a sufficient amount in controversy to predicate diversity jurisdiction. For example, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) *cert. denied*, 523 U.S. 953 (2001), broadly states,

> [P]ost removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore, consistent with *St. Paul* and previous unpublished Sixth Circuit opinions, we hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not **require** remand to state court.

*Rogers,* 230 F.3d at 872 (emphasis added). *However,* the breadth of the Sixth Circuit's holding in *Rogers* remains unclear. *Rogers* does not hold that post-removal stipulations *prevent* a district court from remanding a case. Aside from any argument as to the unexpressed intended scope of *Rogers*, the case fails to distinguish or even cite *Cole*. To be sure, further evidence that *Cole* remains valid Sixth Circuit law is found in *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560 (6th Cir. 2001). In *Hayes*, decided subsequent to *Rogers*, the Sixth Circuit specifically distinguished *Cole*, by finding that, unlike in *Cole*, the plaintiff did not stipulate to an amount of damages falling under the amount in controversy requirement. *Hayes*, 266 F.3d at 573 n.1. Obviously, if *Rogers* had overruled *Cole* a year earlier, *Hayes* would not have found the need to distinguish *Cole*.

Perhaps most importantly, State Farm has no objection to a remand under these terms, and thus does not even attempt to satisfy its burden of showing that Manning's damages are more likely than not above $75,000. Finally, Manning's Stipulating of Damages binds him to a recovery less than $75,000 because the doctrine of estoppel applies to prevent an amended request for additional damages in state court. *See, e.g., Sanford & Adapt Inc., v. Gardenour*, 225 F.3d 659, *3 (6th Cir. 2000). Since this Court has adopted the position urged by Manning (i.e., that his damages are less than $75,000) in granting the present motion, Manning would be prevented from later taking an inconsistent position (i.e., that his damages are actually greater than $75,000). *See, e.g., Colston Investment Co. v. Home Supply Co.*, 2001 WL 705638 (June 22, 2001 Ky.Ct.App.) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

### III. CONCLUSION

Accordingly, Manning's motion to remand [DE #5] is **GRANTED** for lack of subject matter jurisdiction, and this matter is **REMANDED** to Fayette Circuit Court for all further proceedings in accordance with the Judgment entered contemporaneously with this Order.

This January 18, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**